**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PHH MORTGAGE CORPORATION,

                        Plaintiff,

v.

CHRISTOPHER MONGIELLO, TIFFANY EASTMAN,
AMERICO MICHAEL MONGIELLO, BOARD OF
MANAGERS OF DAVENPORT LOFTS ON MAIN
CONDOMINIUM, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. MERS, ACTING
SOLELY AS A NOMINEE FOR INDYMAC BANK, F.S.B.,
ITS SUCCESSORS AND ASSIGNS, RESSLER & ASSCO,
HSBC BANK USA NA, CAPITAL ONE BANK USA, N.A.,
and "JOHN DOE No. 1" through "JOHN DOE No. 100" the
last 100 defendants being fictitious and unknown to plaintiff,
it being intended to designate fee owners, tenants or occupants
of the liened premises and/or persons or parties having or
claiming an interest in or a lien upon the liened premises,

                        Defendant(s).

CASE NO.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

       Plaintiff, PHH MORTGAGE CORPORATION ("Plaintiff") files its Complaint against

CHRISTOPHER MONGIELLO, TIFFANY EASTMAN, AMERICO MICHAEL

MONGIELLO, BOARD OF MANAGERS OF DAVENPORT LOFTS ON MAIN

CONDOMINIUM, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERS,

ACTING SOLELY AS A NOMINEE FOR INDYMAC BANK, F.S.B., ITS SUCCESSORS

AND ASSIGNS, RESSLER & ASSCO, HSBC BANK USA NA and CAPITAL ONE BANK

USA, N.A., and any and all unknown parties claiming an interest by, through, under, or against

TIFFANY EASTMAN and CHRISTOPHER MONGIELLO, who are not known to be dead or

alive, or whether said unknown parties may claim an interest as spouses, heirs, devisees,

grantees, or other claimants. Plaintiff alleges as follows:

## NATURE OF ACTION

1.      This is an action brought pursuant to New York Real Property Actions and Proceeding Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 25 Leroy Place PH-07, New Rochelle, NY 10801; known on the County Tax Map as Section 2, Block 413, Lot 1607, in the County of WESTCHESTER, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2.      PHH MORTGAGE CORPORATION, is organized under the laws of the United States of America and has its principal place of business in New Jersey. PHH MORTGAGE CORPORATION is a citizen of New Jersey.

3.      Upon information and belief, at all times herein mentioned defendant(s) TIFFANY EASTMAN and CHRISTOPHER MONGIELLO were and still are, resident(s) and citizens of WESTCHESTER County, State of New York.

4.      AMERICO MICHAEL MONGIELLO is named, and CARMEN MARIA MONGIELLO would be named, each herein as a necessary party defendant because they acquired ownership interests in the subject premises by deed dated March 21, 2024 and recorded on May 30, 2024 in Control Number: 641413310. Their interest in the said premises was acquired after Plaintiff's mortgage was recorded, therefore Plaintiff's mortgage has priority over said defendant's interest.

5.      AMERICO MICHAEL MONGIELLO and CARMEN MARIA MONGIELLO held title to the subject property as husband and wife pursuant to the aforementioned deed dated March 21, 2024, and recorded in the office of the WESTCHESTER County Clerk on May 30, 2024 in Control Number: 641413310. CARMEN MARIA MONGIELLO died on May 26, 2025;

as a result, any and all interest held by CARMEN MARIA MONGIELLO passed to AMERICO MICHAEL MONGIELLO. CARMEN MARIA MONGIELLO is no longer a necessary party.

6.    BOARD OF MANAGERS OF DAVENPORT LOFTS ON MAIN CONDOMINIUM is made a party defendant due to any possible liens against the property for unpaid common or maintenance charges.

7.    CAPITAL ONE BANK USA, N.A., RESSLER & ASSCO and HSBC BANK USA NA are each named as a defendant herein by reason of judgment(s). Copies of the judgment(s) attached.

8.    Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERS, ACTING SOLELY AS A NOMINEE FOR INDYMAC BANK, F.S.B., ITS SUCCESSORS AND ASSIGNS, is named as a defendant herein by reason of a Subordinate Mortgage in the sum of $122,000.00 dated July 21, 2006 and recorded in the Office of the Clerk in the County of WESTCHESTER on September 19, 2006, in Instrument Number: Control Number: 462430318.

9.    Defendants, "JOHN DOE No. 1" through "JOHN DOE No. 100" the last 100 defendants being fictitious and unknown to plaintiff, it being intended to designate fee owners, tenants or occupants of the liened premises and/or persons or parties having or claiming an interest in or a lien upon the liened premises, described in the complaint herein, are named as defendants herein as having or claiming an interest in or lien upon the Premises which interest or lien is subject to the lien of plaintiff's mortgage.

10.    Each of the above named defendants has or claims to have or may claim to have some interest in or lien upon the Premises or some part thereof, which interest or lien, if any, has accrued and is subject and subordinate to the lien of the Note and Mortgage.

## JURISDICTION AND VENUE

3

11.     This Action between citizens of different states.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28. U.S.C. § 1332.

12.     Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391.  A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the subject property is located in this District.

## FACTUAL ALLEGATIONS

13.     On July 21, 2006, for valuable consideration, and for the purpose of securing payment to INDYMAC BANK, F.S.B. in the sum of $488,000.00, with interest thereon, TIFFANY EASTMAN and CHRISTOPHER MONGIELLO duly executed, acknowledged and delivered to INDYMAC BANK, F.S.B., a mortgage note (the "NOTE"), whereby said defendant(s) bound themselves to INDYMAC BANK, F.S.B. in the amount of $488,000.00 with interest thereon.

14.     As collateral security for the payment of the aforesaid indebtedness, TIFFANY EASTMAN and CHRISTOPHER MONGIELLO on the same day, duly executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERS, ACTING SOLELY AS A NOMINEE FOR INDYMAC BANK, F.S.B., a mortgage in the sum of $488,000.00. The mortgage was duly recorded on September 19, 2006, in Control Number: 462430300, (the "MORTGAGE") whereby TIFFANY EASTMAN and CHRISTOPHER MONGIELLO mortgaged to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERS, ACTING SOLELY AS A NOMINEE FOR INDYMAC BANK, F.S.B., its successors and assigns forever, the premises commonly known as 25 LEROY PLACE PH-07, NEW ROCHELLE, NY 10801, more particularly described in Schedule (A) attached hereto, together with the improvements thereon erected. Any applicable mortgage tax was duly paid simultaneously with

said recordation.

15.     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., (MERS) SOLELY AS NOMINEE FOR INDYMAC BANK, F.S.B. assigned all of its rights, title and interest in the Mortgage by way of an assignment executed January 23, 2012 to HSBC BANK USA, NA, AS TRUSTEE FOR THE LMT 2006-6 TRUST FUND. The assignment was duly recorded on August 30, 2012, in Control Number: 522283025.

16.     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS MORTGAGEE, AS NOMINEE FOR INDYMAC BANK, F.S.B., ITS SUCCESSORS AND ASSIGNS assigned all of its rights, title and interest in the Mortgage by way of a corrective assignment executed September 9, 2019 to HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6. The corrective assignment was duly recorded on September 13, 2019, in Control Number: 592563012.

17.     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS MORTGAGEE, AS NOMINEE FOR INDYMAC BANK, F.S.B., ITS SUCCESSORS AND ASSIGNS assigned all of its rights, title and interest in the Mortgage by way of a corrective assignment executed March 15, 2024 to HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6, ITS SUCCESSORS AND ASSIGNS. The corrective assignment was duly recorded on March 28, 2024, in Control Number: 640783479.

18.     HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6, ITS SUCCESSORS AND ASSIGNS assigned all of its rights, title and interest in the Mortgage by way

of an assignment executed November 13, 2025 to PHH MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS. The Assignment is to be recorded in the Office of the WESTCHESTER County Clerk.

19.     On February 27, 2014, for valuable consideration CHRISTOPHER MONGIELLO duly executed, acknowledged and delivered a loan modification agreement dated December 23, 2013, whereby said defendants bound themselves in the new principal amount of $404,700.00 with interest thereon (the "LOAN MODIFICATION").

## AS AND FOR A FIRST CAUSE OF ACTION

20.     Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 19

21.     Plaintiff is the holder and owner of the aforesaid Note and Mortgage and has complied with all the provisions of section five hundred ninety-five a of the banking law, section six-l or six-m of the banking law, and RPAPL section thirteen hundred four of this article.

22.     TIFFANY EASTMAN and CHRISTOPHER MONGIELLO failed, neglected and refused to comply with the provisions of the Note and Mortgage by failing to make and pay the installment of principal and interest due and owing on January 1, 2019 and thereafter, despite due demand therefore. Said default has continued for more than thirty five (35) days after the due date thereof. That the balance of principal due upon said note and mortgage as of the date of said default is $371,295.19 plus interest from December 1, 2018. That plaintiff seeks to collect only that portion of the debt that is enforceable. That the balance of principal due to the plaintiff is $364,491.07 plus interest from November 1, 2019.

23.     By reason of the aforesaid, plaintiff has elected to declare the unpaid principal sum of the Note and Mortgage in the amount of $364,491.07 with accrued interest at 2.0002500% per

annum, from November 1, 2019 to be immediately due and payable. Said election was made pursuant to and in compliance with RPAPL Section 1304. Plaintiff, or its servicing agent, has complied with the 90-day notice provision and the reporting requirement to the New York State Superintendent of Banks, pursuant to RPAPL Section 1306.

24.    By reason of the aforesaid, there is due and owing to plaintiff the sum of $364,491.07, with interest thereon at 2.0002500% per annum from November 1, 2019.

25.    The mortgaged premises are subject to and should be sold subject to any state of facts an accurate survey or inspection of the premises would show, encroachments, covenants, restrictions, agreements and easements of record, if any, real estate taxes and zoning restrictions and otherwise of any governmental authority having jurisdiction thereover affecting said premises and any prior mortgages or liens of record and the rights of the United States of America to redeem the Premises.

26.    Plaintiff shall not be deemed to have waived, altered, released or changed its election hereinbefore made by reason of receipt of any payments, after the date of the commencement of this action or of any or all of the defaults mentioned herein, and such election shall continue and remain effective until the principal sum secured, the costs and disbursements of this action, and any and all future defaults under the aforesaid Note(s) or Mortgage(s) occurring prior to a discontinuance of this action are fully paid.

27.    The subject Mortgage provides in part as follows:

28.    Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this security instrument. This requirement is called "IMMEDIATE PAYMENT IN FULL." If Lender requires immediate payment in full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale

Lender or another person may acquire the Property. This is known as "FORECLOSURE AND SALE." The further rights of the Lender including the right to collect all costs, disbursements and attorney's fees from the borrowers are set forth in Paragraph 22 of the Mortgage.

29.     Upon information and belief, no other action is pending at law, or otherwise, for the recovery of the sum, or any part thereof, secured by the Note and Mortgage.

## AS AND FOR A SECOND CAUSE OF ACTION

30.     Plaintiff restates and incorporates by reference the allegations of Paragraphs 1 through 28.

31.     By reason of the aforesaid provisions set forth in the Mortgage, there is due and owing to plaintiff reasonable attorneys' fees, plus costs and disbursements. The plaintiff requests that the court award these fees, costs and disbursements in the judgment of foreclosure and sale.

**WHEREFORE**, plaintiff demands judgment as follows:

(a) Defendant(s) and all persons claiming under said defendant(s) or any of them subsequent to the filing of a Notice of Pendency of this action in the appropriate County Clerk's Office, and every person whose conveyance is subsequent or subsequently recorded, be barred and foreclosed of all right, title, claim or lien and equity of redemption in said mortgaged premises; that such mortgaged premises be decreed to be sold as one parcel, subject to and should be sold subject to any state of facts an accurate survey or inspection of the premises would show, encroachments, covenants, restrictions, agreements and easements of record, if any, real estate taxes and zoning restrictions and otherwise of any governmental authority having jurisdiction thereover affecting said premises and any prior mortgages or liens of record and the rights of the United States of America to redeem the Premises, and that the monies arising from said

lien be paid into Court;

On the first cause of action:

(b) Plaintiff be paid the principal amount due on its Mortgage with interest thereon at 2.0002500% per annum from November 1, 2019, plus late charges, together with the amount of taxes, assessments, water charges, insurance premiums and other similar charges paid by plaintiff, if any, with interest on the subject amounts from the date of such payment by plaintiff, the expenses of this sale, together with any sum or sums to be paid to plaintiff to protect the security afforded by said Mortgage, including, but not limited to, watchmen or caretakers' fees, and fees incurred during the pendency of this action until the closing of title with the purchaser under the foreclosure sale; and that any sum so paid shall be added to the sums otherwise due to plaintiff pursuant to plaintiff's claims herein and to be deemed secured by the Note(s) and Mortgage(s) as therein provided; and they be declared a valid lien on the premises herein described, all with interest thereon from the date of each such amount, so far as the amount of such monies properly allocable thereto will pay the same; and that the defendant(s), TIFFANY EASTMAN and CHRISTOPHER MONGIELLO may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or

seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings;

On the second cause of action:

(c) Plaintiff be awarded the costs and disbursements of this action, plus reasonable attorneys' fees;

(d) Plaintiff also respectfully requests the Court to retain jurisdiction in order to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession;

(e) Plaintiff has such other and further relief as this Court may deem just and proper.


Executed on this 25th day of November, 2025

Melville, New York


Aldridge Pite, LLP.

By: Kelly Ann Poole, Esq.
*Attorneys for Plaintiff*
40 Marcus Drive, Suite 200
Melville, NY 11747
631-454-8059
Fax 631-454-8169
Email: kpoole@aldridgepite.com