

**CHRISTOPHER M. MONGIELLO**
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL: therockacademy@mac.com

**AMERICO M. MONGIELLO**
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL: therockacademy@mac.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| _____x | CASE NO. 25-cv-9852 (KMK) |
| PHH MORTGAGE CORPORATION, | } |
| Plaintiff, | } |
| v. | } |
| CHRISTOPHER MONGIELLO, et al., | } |
| Defendants. | } |
| _____} | |

**DEFENDANTS CHRISTOPHER MONGIELLO AND AMERICO MONGIELLO'S
JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(5), AND 12(b)(6)**

**PRELIMINARY STATEMENT**

DEFENDANTS, AMERICO MONGIELLO AND CHRISTOPHER MONGIELLO were served with the original complaint even though they are informed believe and thereon allege that this court ordered the Plaintiff to file an amended complaint in this case. The motion to dismiss is based on the same grounds for both Defendants, and therefore in order to avoid the court having to read

multiple pleadings on the same grounds, they jointly file this motion to dismiss on the basis that this Foreclosure action fails at every jurisdictional and substantive level. Plaintiff PHH Mortgage Corporation ("PHH") commenced this case in federal court without properly invoking diversity jurisdiction, served a jurisdictionally defective pleading in violation of Rule 4, and seeks to foreclose on a mortgage that—by PHH's own admissions—is **time-barred and unenforceable as a matter of New York law**.

Most strikingly, **this Court has already identified the jurisdictional defects in PHH's pleading sua sponte**. Rather than cure those defects before service, PHH proceeded to serve Defendants with a complaint that never invoked this Court's jurisdiction in the first place. That error alone requires dismissal.

Even setting jurisdiction aside, PHH's own Complaint pleads facts establishing that the statute of limitations expired years ago. Under settled New York law, once a mortgage is time-barred, **there is no "enforceable portion" of the debt left to collect**. PHH's attempt to foreclose anyway is legally frivolous. Because (1) subject-matter jurisdiction was never established, (2) service was ineffective, (3) the foreclosure claim is time-barred on the face of the pleading, and (4) PHH affirmatively pleads that it seeks to collect only "enforceable" debt when none exists, the Complaint must be dismissed—**with prejudice**.

### DEFENDANT CHRISTOPHER MONGIELLO AND AMERICO MONGIELLO'S JOINT MOTION TO DISMISS THE COMPLAINT

Christopher Mongiello ("Defendant") AND Americo Mongiello, jointly respectfully move to dismiss the Complaint pursuant to Federal Rules of Civil

MEMO ENDORSED

Procedure 12(b)(1), 12(b)(5), and 12(b)(6). As set forth below, dismissal is required because Plaintiff failed to establish subject-matter jurisdiction, effected service of a jurisdictionally defective pleading, and pleaded facts that affirmatively establish that the mortgage it seeks to foreclose is time-barred and unenforceable as a matter of New York law. In addition, Plaintiff's standing rests on facially void mortgage assignments executed through MERS by Wendy Traxler on behalf of IndyMac Bank, F.S.B. after IndyMac's failure, which New York courts have repeatedly held cannot convey enforceable foreclosure rights.

## I. THE COURT LACKS SUBJECT-MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO ADEQUATELY ALLEGE COMPLETE DIVERSITY

Federal courts are courts of limited jurisdiction, and "it is to be presumed that a cause lies outside this limited jurisdiction unless and until jurisdiction has been affirmatively demonstrated." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests squarely on the party invoking it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff purports to invoke diversity jurisdiction under 28 U.S.C. § 1332. The Complaint, however, fails to allege facts sufficient to establish complete diversity. Although Plaintiff asserts that it is a "citizen of New Jersey," it does not allege its state of incorporation, which is a mandatory component of corporate citizenship under § 1332(c)(1). See *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). That omission alone renders the jurisdictional allegations inadequate.

# MEMO ENDORSED

More fundamentally, the Complaint fails to allege the citizenship of multiple named defendants, including HSBC Bank USA, N.A.; Capital One Bank USA, N.A.; Ressler & Associates; and the Board of Managers of Davenport Lofts on Main Condominium. Where a defendant is a national banking association, citizenship must be pleaded in accordance with *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Where a defendant is an unincorporated association or condominium board, the ***citizenship of each member must be alleged***. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Prime Prop. & Cas. Ins., Inc. v. Cardenas*, No. 23-CV-935, 2023 WL 1797268, at *1 (S.D.N.Y. Feb. 7, 2023).

These are not technical pleading defects. Where "there is a possibility that a party's citizenship might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction." *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (summary order). That is precisely the case here.

The complaint alleges that "BOARD OF MANAGERS OF DAVENPORT LOFTS ON MAIN CONDOMINIUM is made a party defendant due to any possible liens against the property for unpaid common or maintenance charges." But fails to allege the citizenship of each member of the board.

This Court has already recognized these deficiencies. In its December 8, 2025 Order, Judge Karas expressly held that Plaintiff failed to allege the citizenship of all parties and ordered Plaintiff to show cause or amend. That Order confirms that jurisdiction was never properly invoked at commencement.

MEMO ENDORSED

Because subject-matter jurisdiction was never established, the Court "cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Dismissal under Rule 12(b)(1) is therefore required.

## II. SERVICE OF PROCESS WAS INSUFFICIENT BECAUSE PLAINTIFF SERVED A JURISDICTIONALLY DEFECTIVE COMPLAINT

Even if Plaintiff could now cure its jurisdictional allegations, dismissal is independently required under Rule 12(b)(5) because Plaintiff served Defendants with the original complaint — the same complaint this Court determined failed to invoke federal jurisdiction.

***Service of process must be effected with a valid operative pleading***. Where a complaint is jurisdictionally defective, service of that pleading is **ineffective** and does not confer personal jurisdiction. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569–70 (3d Cir. 1996); *Hernandez v. Page*, No. 11-CV-3151, 2011 WL 4538080, at *3 (S.D.N.Y. Sept. 28, 2011).

Plaintiff served Defendants with a complaint that failed to establish subject-matter jurisdiction. The Court subsequently identified those defects and ordered corrective action. Plaintiff cannot retroactively validate defective service by later amendment. Because Defendants were never properly served with a complaint invoking this Court's jurisdiction, dismissal under Rule 12(b)(5) is not merely warranted — ***it is required***. ***Ibid***.

## III. THE FORECLOSURE CLAIM IS TIME-BARRED ON THE FACE OF THE COMPLAINT

MEMO ENDORSED

Dismissal under Rule 12(b)(6) is appropriate where a statute-of-limitations defense appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425–26 (2d Cir. 2008).

Under New York law, a mortgage foreclosure action is subject to a six-year statute of limitations. CPLR § 213(4). Once the limitations period expires, the mortgage is unenforceable. *Bank of N.Y. Mellon v. Dieudonne*, 171 A.D.3d 34, 38 (2d Dep't 2019).

Plaintiff's own pleading establishes expiration. The Complaint alleges that the last payment was due January 1, 2019, and that interest accrued from December 1, 2018. (Compl. ¶ 22.) This action was commenced on November 26, 2025 — nearly seven years later.

Plaintiff pleads no facts suggesting tolling, revival, or reset of the statute of limitations. Accordingly, the foreclosure claim is time-barred as a matter of law. *Wells Fargo Bank, N.A. v. Ferrato*, 194 A.D.3d 800, 801 (2d Dep't 2021).

## IV. PLAINTIFF'S OWN ALLEGATIONS CONCEDE THAT NO ENFORCEABLE DEBT EXISTS

Plaintiff alleges that it "seeks to collect only that portion of the debt that is enforceable." (Compl. ¶ 22.) That statement is fatal.

Once the statute of limitations expires, no portion of the mortgage debt remains enforceable, and the lien itself is extinguished as a remedy. *HSBC Bank USA, N.A. v. Kirschenbaum*, 159 A.D.3d 506, 507 (1st Dep't 2018). A plaintiff may

not proceed by carving out an imaginary enforceable remainder where the statute has fully run.

Courts routinely dismiss foreclosure actions where the complaint itself establishes that the debt is time-barred. *Fed. Nat'l Mtge. Ass'n v. Mebane*, 208 A.D.3d 892, 893 (2d Dep't 2022). Because Plaintiff pleads facts establishing expiration, its own allegation that it seeks only "enforceable" debt necessarily means the recoverable amount is zero.

## V. PLAINTIFF LACKS STANDING BECAUSE THE CHAIN OF ASSIGNMENTS IS FACIALLY VOID UNDER NEW YORK LAW (WENDY TRAXLER / MERS / INDYMAC)

Independent of the statute of limitations, dismissal is required because Plaintiff's standing depends on a chain of mortgage assignments that New York courts have repeatedly held to be void and ineffective as a matter of law.

The Complaint relies on assignments executed by MERS through Wendy Traxler on behalf of IndyMac Bank, F.S.B. after IndyMac failed and was placed into FDIC receivership. New York courts have consistently held that MERS cannot assign a mortgage on behalf of IndyMac after IndyMac ceased to exist, and that Wendy Traxler lacked authority to execute such assignments.

See, *HSBC Bank USA, N.A. v. Roumiantseva*, 130 A.D.3d 983, 985 (2d Dep't 2015); *Bank of N.Y. Mellon v. Gales*, 116 A.D.3d 723, 724 (2d Dep't 2014); *Deutsche Bank Nat'l Tr. Co. v. Pietranico*, 102 A.D.3d 724, 725 (2d Dep't 2013).

# MEMO ENDORSED

Where an assignment is executed by an entity that no longer has authority to act, the assignment is void, not merely voidable, and cannot confer standing. *Wells Fargo Bank, N.A. v. Marchione*, 69 A.D.3d 204, 209 (2d Dep't 2009).

Plaintiff's later "corrective assignments" do not cure this defect. ***A void assignment cannot be retroactively repaired***. *U.S. Bank, N.A. v. Dellarmo*, 94 A.D.3d 746, 748 (2d Dep't 2012). Because Plaintiff's standing depends on void assignments, the Complaint must be dismissed.

## VI. CONSISTENCY WITH THIS COURT'S RELATED ACTION

This Court is already presiding over *Mongiello v. HSBC Bank USA, N.A.*, involving the same property, the same mortgage, the same payment history, the same statute-of-limitations issues, and the same defective assignment chain. Allowing this action to proceed would create irreconcilable inconsistency and undermine judicial economy. PHH relies on the same defective assignments already at issue before this Court.

## CONCLUSION

For all of these reasons, Defendants Americo Mongiello and Christopher Mongiello respectfully request that the Court dismiss the Complaint with prejudice pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6). Where, as here, jurisdiction is absent, the statute of limitations has expired, and standing is defeated by void assignments, amendment would be futile, and dismissal with prejudice is appropriate. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Respectfully Submitted:

Dated: 1/15/26

MEMO ENDORSED

/s/ _____
CHRISTOPHER M. MONGIELLO
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL: therockacademy@mac.com

/s/ _____
**AMERICO M. MONGIELLO**
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL: therockacademy@mac.com

Defendants' Motion to Dismiss is DENIED as both moot and premature. On January 2, 2026, Plaintiff, at the Court's direction, (Dkt. No. 7), filed an Amended Complaint in this Action, within the time period that the Court directed it to do so as contemplated by Federal Rule of Civil Procedure 15(a)(2), (Dkt. No. 10). *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent **or** the court's leave." (emphasis added)). That Amended Complaint supersedes the original Complaint in this Action. *See, e.g.*, *Hui Hui Yu v. Town of Southold*, No. 10-CV-2943, 2011 WL 647487, at *1 (E.D.N.Y. Feb. 11, 2011). Therefore, "inasmuch as Defendants' motion to dismiss was aimed at the original Complaint, that motion must be DENIED AS MOOT." *Id.* (citation omitted); *see also Concepts NREC, LLC v. Qiu*, No. 20-CV-133, 2020 WL 12947624, at *2 (D. Vt. Dec. 23, 2020) ("Since an amended complaint ordinarily supersedes the original, motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." (citation and quotation marks omitted)).

Further, the Court denies Defendants' Motion to Dismiss for noncompliance with its individual rules. The Court requires, in civil cases, "a pre-motion conference" prior to making "any motion," with some exceptions not applicable here. *See* Individual Rules of Practice of the Honorable Judge Karas §§ II.A–B. Defendants are referred to these rules and directed to comply with them in the future--they are not entitled to make a dispositive motion, like a Motion to Dismiss, without requesting leave from the Court. Accordingly, the Court denies this motion without prejudice as premature and noncompliant with the Court's Individual Rules. *See, e.g.*, *Brainbuilders LLC v. EmblemHealth, Inc.*, No. 21-CV-4627, 2022 WL 3156179, at *4 (S.D.N.Y. Aug. 8, 2022) (noting court's earlier denial of motion to dismiss without prejudice due to noncompliance); *House v. City of New York*, No. 18-CV-6693, 2020 WL 6891830, at *5 n.7 (S.D.N.Y. Nov. 24, 2020) (same).

The Motion to Dismiss is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 11, and to mail a copy of this Order to Defendants Americo Mongiello and Christopher Mongiello at the address provided above.

SO ORDERED.

January 22, 2026

**MEMO ENDORSED**

## CERTIFICATE OF SERVICE

   I, Christopher Mongiello, certify that on <u>January 15</u>, 2026, I caused a true and correct copy of

DEFENDANT CHRISTOPHER MONGIELLO'S and AMERICO MONGIELLO'S JOINT MOTION TO DISMISS THE COMPLAINT (and all supporting papers)

to be filed with the Clerk of the Court using the CM/ECF system.

I further certify that service was accomplished on all counsel of record through the CM/ECF system.

In addition, I caused a courtesy copy to be served via email on the following counsel:

Kelly Ann Poole, Esq.
Aldridge Pite, LLP
40 Marcus Drive, Suite 200
Melville, NY 11747
Email: kpoole@aldridgepite.com

Dated: <u>January 15</u>, 2026
Pelham Manor, New York

_____
Christopher Mongiello
Defendant, Pro Se
889 James Street
Pelham Manor, NY 10803
Tel: (914) 646-8224
Email: therockacademy@mac.com

10 | P a g e